# TASI FA`ATOAFE, NU`U OFAGALILIO, PUNA TAUAOLA, and TAUAOLA TUILESU, Plaintiffs

## v.

## TUIA`ANA MOI, Defendant

High Court of American Samoa
Land and Titles Division

LT No. 23-91

September 6, 1996

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima
 For Defendant, Asaua Fuimaono

Decision and Order:

This dispute concerns a portion of the land "Tafeta."[1] The disputed area, as delineated by plaintiff's survey, contains approximately 2.37 acres and is situated entirely within a bend in the main highway as it winds uphill toward Aoloaufou and A`asufou. We noted during our visit to the site that much of what is encompassed in plaintiffs' survey is a rather steep windswept slope that nonetheless bears evidence of cultivation in the way of scattered coconut trees and some hardy breadfruit trees. At the same time, this acreage includes, at the bottom of the cliff, a sizeable flat area which apparently resulted from past excavation by the American Samoa Government to station the very large water tank and booster pump that are found there today. Defendant, although objecting to all of plaintiffs' claim,

---

[1] Tafeta is a large land area located inland of Faleniu village and south of the mountain plateau that contains the villages Aoloaufou and A`asufou. Tafeta features prominently in recent Faleniu village history as well as on the records of land and titles division. *See Magalei v. Asifoa*, 19 A.S.R.2d 86, 88 (Land & Titles Div. 1991).

has merely surveyed this flat area (approximately .826 acres), laying claim to the same on his family's behalf.[2]

In 1990, plaintiffs surveyed their claim and offered the same for registration with the Territorial Registrar as the communal family land of the Tauaola family of Aoloaufou.[3] Defendant Tuia`ana Moi, a Faleniu matai, objected to the plaintiffs' offer of registration on the basis that plaintiff's claim was within "Tafeta," which was appurtenant to the village of Faleniu. Defendant further claimed that this disputed area had been assigned to his family by the Faleniu village council.

## DISCUSSION

While the area claimed by plaintiffs may well have been a part of early Faleniu village clearings, we are satisfied on the evidence that the disputed area has been in the exclusive use and occupation of the Tauaola family since the late 1940s early 1950s following the Second World War. We believe that the Tauaola family was part of that "postwar migration" of "ambitious and/or adventurous" Aoloau families that this court spoke of in *Magalei v. Asifoa*, 19 A.S.R.2d at 91, as having descended downhill and settled lands on the south slope side of the mountain; the disputed area abuts these other various Aoloau holdings awarded in *Magalei*. The evidence shows that the Tauaola family not only maintained crops within the disputed area over the years but they also maintained residential and work huts. We found no evidence of any recent interest asserted by the Tuia`ana people in and to the disputed area nor any interference with the Tauaola family's use and occupation until the issue of water-storage rents recently came into being. Indeed, the extent of the Tuia`ana survey bespeaks the limited extent of defendant's interest in the general vicinity, being coincidental only with that area on lease to the government. It is apparent therefore that any claims that the Tuia`ana family might have had in times past have been effectively abandoned for the many years of use and occupation by the Tauaola.

■ We are satisfied on the evidence that the Tauaola family's occupation of the disputed area has been continuous, open, notorious, and hostile to any

---

[2] The water tank and booster pump are generating revenue for the owner of the disputed area. An accumulating fund is currently being held on stake by the government pending the outcome of this litigation.

[3] In court, however, plaintiffs subsequently attempted to assert a change of theory from that of communal land ownership to individual land ownership. After the close of testimony, plaintiffs reverted on final argument to their original premise of communal ownership.

claim of ownership by the Tuia`ana family, for a period in excess of twenty years required by the adverse possession statute then in force. A.S.C.A. § 37.0120 (prior to 1982 amendment).

We accordingly conclude that the land area as depicted in plaintiffs' survey, has been acquired by the Tauaola family of Aoloau through adverse possession. The disputed area shall be recorded with the Territorial Registrar's Office as the communal land of the Tauaola family of Aoloaufou, subject to reconciliation of plaintiffs' boundary lines with those boundary lines of the adjacent land claims as previously established by the decision in *Magalei v. Asifoa, supra*.

It is so ordered.